```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|   |   |   |
|---|---|---|
| BETH A. AUSTIN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 13-12304-WGY |
| CAROLYN A. BANKOWSKI, CHAPTER 13 | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

YOUNG, D.J.                                        September 25, 2014

## MEMORANDUM AND ORDER

**I. INTRODUCTION**

   Beth A. Austin ("Austin"), a Chapter 13 debtor, appeals from an order of the Bankruptcy Court for the District of Massachusetts ("Bankruptcy Court") sustaining Chapter 13 Trustee Carolyn Bankowski's (the "Trustee") objection to the confirmation of Austin's proposed Chapter 13 plan ("Proposed Plan") pursuant to 11 U.S.C. § 1325(a)(6) ("Section 1325(a)(6)").

   The crux of this appeal is whether a Chapter 13 plan is "feasible" where it is contingent upon the achievement of a loan modification. In the proceedings before the Bankruptcy Court, Austin alleged that the secured creditor who had made the loan

in question had accepted the Proposed Plan and, on that basis, to deny confirmation would be unfair to the other creditors. Tr. Hr'g Trustee's Objection Confirmation Plan ("Bankr. Tr.") 4:17-24, Aug. 8, 2013, ECF No. 11. The Bankruptcy Court disagreed, concluding that under these circumstances it was not appropriate to confirm Austin's Proposed Plan. On appeal, Austin argues that the Bankruptcy Court erred when it sustained the Trustee's objection to confirmation and ruled that it would be premature to confirm a plan which is contingent upon a pending loan modification. Bankr. Tr. 5:7.

### A. Procedural Posture

On August 23, 2013, Austin filed a motion for leave to appeal the decision sustaining the Trustee's objection to the United States District Court for the District of Massachusetts, Mot. Leave Appeal, ECF No. 1, and on October 8, 2013, this motion was granted. Elec. Order, Oct. 8, 2013, ECF No. 5. Both parties subsequently filed supporting briefs. Br. Appellant Beth A. Austin ("Austin's Br."), ECF No. 10; Appellee Carolyn A. Bankowski's Br. ("Trustee's Br."), ECF No. 14; Reply Br. Appellant Beth A. Austin ("Reply"), ECF No. 16. This Court heard the case on March 25, 2014, and took the matter under advisement. Elec. Clerk's Notes, Mar. 25, 2014, ECF No. 23.

### B. Summary of Undisputed Facts

#### 1. Background

The underlying facts of this matter are undisputed. On March 28, 2012, Austin voluntarily petitioned for bankruptcy relief under Chapter 13 of the United States Bankruptcy Code (the "Code") and, pursuant to 11 U.S.C. section 1321, submitted a Chapter 13 Reorganization Plan. U.S. Bankr. Ct. Dist. Mass. (Bos.) Bankr. Pet. #: 12-12571 ("Bankr. Ct. Docket") 1:1, 2:4, ECF No. 2. Nationstar Mortgage L.L.C., the servicing agent for First Horizon Home Loans (the "Mortgagee"), successfully objected to the confirmation of both this plan, see id. at 5:48, and a subsequent, amended Chapter 13 plan (the "Amended Plan") filed by Austin. Id. at 8:79. The Mortgagee also filed for, and obtained, relief from the 11 U.S.C. section 362 automatic stay. Id. at 7:67, 8:80. Despite granting the Mortgagee's motion for relief from stay, and sustaining its objection to the confirmation of the Amended Plan, on March 21, 2013, the Bankruptcy Court permitted Austin to file a further amended Chapter 13 plan. Id. at 8:82. Prior to drafting this further amended Chapter 13 plan (the "Proposed Plan"), Austin sought and retained specialist legal counsel to assist her in negotiating a loan modification with the Mortgagee. Austin's Br. 4; Bankr. Ct. Docket 8:73. Subsequently, on May 6, 2013, Austin filed both the Proposed Plan and a motion for its approval. Bankr. Ct. Docket 9:91-92.

### 2. Proposed Plan

The Proposed Plan was for a term of sixteen and a half months, though as of May 6, 2013 – the date of filing – only four and a half remained. Bankruptcy Ct. Docket Record ("Bankr. Ct. Record") 13, ECF No. 15-1. Under the Proposed Plan, Austin was required to make monthly payments of $523.00 to the Trustee for distribution to her unsecured creditors.[1] Id. Further, with respect to the treatment of secured claims, Austin proposed that "[a]ll payments to [the Mortgagee] shall be in accordance with the [terms of an application for a] modification [of the loan], when approved." Id. Austin's motion for approval of the Proposed Plan stated that, "[i]n order to maintain the status quo while the modification is being considered, no distribution to the mortgagee/servicer is proposed." Id. at 17. Austin proposed to pay the Mortgagee's claim directly, instead of paying to the Trustee for distribution. See id. The Proposed Plan did not, however, include any provision for addressing the outstanding pre-petition arrears of $60,000[2] that Austin owed to the Mortgagee. See id. at 13-17; Bankr. Tr. at 2:10-12.

---

[1] As of the date of filing the Proposed Plan, all payments were up to date. Bankr. Ct. Record 13.

[2] At the motion hearing on March 25, 2014, the Trustee reiterated her objection to confirmation and stated that the arrearage owed was $73,000. Tr., March 27, 2014, 6:2, ECF No. 22. This Court assumes that this discrepancy is due to interest charges on the pre-petition arrearage owed, however, neither party has placed anything on the record which would confirm or deny this assumption.

4

### 3. Confirmation Hearing

On May 14, 2013, Austin filed a certificate of service in the Bankruptcy Court, indicating that all relevant creditors and parties, including the Mortgagee, had been properly notified of the terms of the Proposed Plan. Bankr. Ct. Record 19-21. The Trustee filed an objection to confirmation of the Proposed Plan on June 6, 2013. Id. at 22. The Mortgagee, however, did not file an objection.

On August 8, 2013, the Bankruptcy Court conducted a hearing to consider the Trustee's objection to confirmation of the Proposed Plan. See Bankr. Ct. Docket 10:102. At the hearing, the Trustee argued that the Bankruptcy Court must sustain her objection to confirmation, because at the time of hearing, the status of a loan modification was still pending and there was no sign it would be approved prior to the end of the Plan's term, which was, at that time, within the month. Bankr. Tr. 5:22-6:1.

In response, Austin argued that the Mortgagee's failure to object constituted an acceptance of the terms of the Plan. Id. at 6:20-7:1. Because the Plan proposed that no payments be made to the Mortgagee while the loan modification was under consideration, "[d]enial of confirmation in this situation is unfair to other creditors." Id. at 4:17-18. At the conclusion of the confirmation hearing, the Bankruptcy Court sustained the Trustee's objection and denied confirmation of the Plan. Id. at

5:14. The Bankruptcy Court did, however, permit Austin to file a further amended plan. Id. at 5:9-11; Bankr. Ct. Docket 10:102. The Bankruptcy Court explained that "[t]o confirm a plan which requires a modification when you haven't got the modification is probably doing a vain thing." Id. at 5:5-7.

Subsequently, on August 23, 2013, Austin filed a motion for leave to appeal the Bankruptcy Court's order sustaining the Trustee's objection to confirmation and denying confirmation of the Plan. Mot. Leave Appeal.

The issue before this Court is whether the Bankruptcy Court erred in sustaining the Trustee's objection to confirmation of the Proposed Plan and denying confirmation of Austin's Proposed Plan under Section 1325(a)(6) of the United States Bankruptcy Code when the Mortgagee did not object to the treatment of its secured claims under the Plan.

## II. ANALYSIS

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to hear bankruptcy court appeals "with leave of the [District C]ourt, from . . . interlocutory orders and decrees," 28 U.S.C. § 158(a)(3), and "may affirm, modify, or reverse [a bankruptcy court's order] or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. "An order denying confirmation of a chapter 13 plan is interlocutory where the debtor may propose another

plan." Hamilton v. Wells Fargo Bank, N.A. (In re Hamilton), 401 B.R. 539, 542 (B.A.P. 1st Cir. 2009) (citing Watson v. Boyajian (In re Watson), 309 B.R. 652, 659 (B.A.P. 1st Cir. 2004), aff'd, 403 F.3d 1 (1st Cir. 2005)). Here, the Bankruptcy Court's order was interlocutory, as Austin was free to submit another plan. Bankr. Ct. Docket 10:103. This Court has granted Austin the requisite leave to appeal. Order, Oct. 9, 2013, ECF No. 5.

When reviewing an appeal from a Bankruptcy Court's order, this Court reviews questions of fact for clear error and questions of law de novo. Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997).

**B. Legal Framework**

Section 1325(a) of chapter 11 of the United States Code ("Section 1325(a)") governs the confirmation of a Chapter 13 plan, and in relevant part provides that:

> [T]he court shall confirm a plan if:
> (1) The plan complies with the provisions of this chapter and with the other applicable provisions of the title; . . .
> (5) with respect to each allowed secured claim provided for by the plan
>     (A) the holder of such claim has accepted the
>       plan . . .
> (6) the debtor will be able to make all payments under the plan and to comply with the plan.

11 U.S.C. § 1325(a).

To obtain confirmation under Section 1325(a), the burden is on the debtor to prove that each of the statutory criteria for

7

confirmation is met.  See In re Haque, 334 B.R. 486, 489 (Bankr. D. Mass. 2005) (holding that under Section 1325(a)(3), the burden of proof is on the debtor); see also In re Virden, 279 B.R. 401, 407 (Bankr. D. Mass. 2002).  In undertaking its review, the bankruptcy court "should exercise [its] judicial discretion and assess the evidence to ensure that [the proposed Chapter 13 plan] meets the guidelines established by [S]ection 1325." First Nat'l Bank of Boston v. Fantasia (In re Fantasia), 211 B.R. 420, 423 (B.A.P. 1st Cir. 1997) (citing Fidelity & Cas. Co. of N.Y. v. Warren (In re Warren), 89 B.R. 87 (B.A.P. 9th Cir. 1988)).  Even in the absence of an objection to confirmation by a creditor, the Chapter 13 trustee, or any other interested party, the bankruptcy court must ensure that all of the Section 1325 requirements have been met.  See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 278 (2010).  Where a Chapter 13 plan accords with all the statutory criteria, the Bankruptcy Court must confirm the plan.  In re Hamilton, 401 B.R. at 542.

On appeal, Austin makes two arguments.  First, Austin contends that the Trustee lacks standing to object to the Proposed Plan in the absence of an objection by an otherwise interested party.  Austin's Br. 7.  In the alternative, she contends that even if the Trustee has standing, the Bankruptcy Court erred in denying confirmation of the Proposed Plan because

the Proposed Plan was still "feasible." Id. at 6 (arguing that "even the most impecunious of debtors has the ability to make no payments to creditor").

**C. Standing**

Despite objecting to the confirmation of both of Austin's previous proposed Chapter 13 plans, the Mortgagee did not object to the confirmation of the Proposed Plan. Id. at 4. The issue before the Court is whether, given this lack of an objection by the secured creditor, the Trustee has standing to object to the confirmation of the Proposed Plan.

Before considering this issue, however, it is first necessary to consider what effect the non-objection of the Mortgagee has on the potential confirmation of the plan - specifically, whether it can be considered acceptance of the Proposed Plan and the proposed treatment of its claim therein as required by 11 U.S.C. section 1325(a)(5) ("Section 1325(a)(5)").

**1. Treatment of Allowed Secured Claims under Section 1325(a)(5)**

Pursuant to Section 1325(a)(5) "the court shall confirm a plan if . . . [inter alia] with respect to each allowed secured claim provided for by the plan" one of the following three events has occurred: (1) the affected secured claim holder has accepted the plan pursuant to Section 1325(a)(5)(A); (2) the plan meets the requirements of Section 1325(a)(5)(B) (the "cram-

down" requirements); or (3) the debtor surrenders its property secured by such claim to the secured claim holder pursuant to Section 1325(a)(5)(C).  11 U.S.C. §1325(a)(5); Flynn v. Bankowski (In re Flynn), 402 B.R. 437, 442 (B.A.P. 1st Cir. 2009) ("The presence of any one of the three will support confirmation.").  The contested issue in this case is whether the Mortgagee has accepted the proposed treatment of its claim in accordance with Section 1325(a)(5)(A).

Though Section 1325(a)(5) provides that a proposed Chapter 13 plan may be confirmed where the holder of an allowed secured claim accepts the proposed treatment of its claim, neither the United States Bankruptcy Rules nor the Code provides any guidance on what constitutes "acceptance."  In re Flynn, 402 B.R. at 443.  Some courts considering this issue have concluded that a secured creditor's failure to object may constitute an acceptance of the plan for the purpose of Section 1325(a)(5)(A).  See, e.g., In re Jones, 530 F.3d 1284, 1291 (10th Cir. 2008) ("[I]f a secured creditor fails to object to confirmation, the creditor will be bound by the confirmed plan's treatment of its secured claim under [Section] 1325(a)(5).") (citing Talbot v. Richman (In re Talbot), 124 F.3d 1201, 1209 n.10 (10th Cir. 1997)); In re Szostek, 886 F.2d 1405, 1412-13 (3d Cir. 1989) (observing that Section 1325(a)(5) is satisfied if the secured claim holder has accepted the plan by failing to make an

objection). But cf. In re Ferguson, 27 B.R. 672, 673 (Bankr. S.D. Ohio 1982) (holding that without the express agreement of priority claim holders, the proposed plan failed to comport with Section 1322(a)(2), and thus could not be confirmed under Section 1325(a)(1)).

The Bankruptcy Appellate Panel of the First Circuit (the "Bankruptcy Appellate Panel") has adopted the reasoning of the Third Circuit, namely that the failure to object may be deemed to be acceptance of a proposed Chapter 13 plan. See In re Flynn, 402 B.R. at 443-44 (observing that "chapter 13 has no . . . mechanism by which secured creditors may evidence acceptance of a plan" and that "[i]t is, therefore, 'only the negative – a filed objection – that evidences the lack of acceptance'" (quoting In re Montoya, 341 B.R. 41, 45 (Bankr. D. Utah 2006))). In Flynn, the Bankruptcy Appellate Panel held that a secured creditor's failure to object to a Chapter 13 plan raises the presumption of acceptance. Id.; see also In re Gusmao, No. 09-18401-FJB, 2010 WL 4918978 at *1 (Bankr. D. Mass. Nov. 29, 2010) (Bailey, B.J.) (clarifying that Flynn stands for the proposition that a secured creditor's failure to object to a Chapter 13 plan gives rise to a rebuttable presumption of acceptance). This presumption arises, however, only where the debtor can demonstrate that an affected creditor has "failed to timely object to confirmation after receiving adequate and proper

11

notice and adequate and proper service." See In re Flynn, 402 B.R. at 445 (vacating the Bankruptcy Court's denial of confirmation where it had failed to consider whether secured creditor had received proper and adequate notice and service).

Here, the record undisputedly demonstrates that the Mortgagee received proper and adequate notice and service, see Bankr. Ct. Record 19-21, thereby raising the presumption that it has accepted the proposed treatment of its claim, see In re Flynn, 402 B.R. at 444. Further, there is nothing on the record which gives the Court pause in accepting this presumption, and thus this Court concludes that the Mortgagee has accepted the proposed treatment of its claim; accordingly the confirmation requirements with respect to Section 1325(a)(5) have been met.

### 2. Trustee has Standing to Object to the Confirmation of the Proposed Plan

Given this Court's conclusion that the Mortgagee has, by implication, accepted the Proposed Plan and its treatment of its claim for the purposes of confirmation, see 11 U.S.C. § 1325(a)(5), the issue at bar is thus whether the Trustee then has standing to object to the confirmation of the Proposed Plan.

"[T]he primary purpose of the Chapter 13 trustee is . . . to serve the interests of all creditors," Andrews v. Loheit (In re Andrews), 49 F.3d 1404, 1407 (9th Cir. 1995) (citing Tower Loan of Miss., Inc. v. Maddox (Matter of Maddox), 15 F.3d 1347,

1355 (5th Cir. 1994)). Pursuant to the Bankruptcy Code, a Chapter 13 trustee "shall . . . appear and be heard at any hearing that concerns . . . [the] confirmation of a plan," 11 U.S.C. § 1302(b)(2)(B), and accordingly has standing to object to a plan that fails to satisfy any and all of the confirmation requirements of Section 1325(a). In re Andrews, 49 F.3d at 1406-07 ("The plain language of [Section] 1302(b)(2) confers standing to object to confirmation of a plan . . . ."). Where, however, a creditor has accepted the treatment of its claim, conferring standing on a Chapter 13 trustee to object under Section 1325(a)(5) is a more difficult question. The First Circuit has not addressed the issue, see In re Gusmao, 2010 WL 4918978 at *1, although the Ninth Circuit has held that where a secured creditor has accepted a Chapter 13 plan pursuant to Section 1325(a)(5), including by failing to object, the Chapter 13 Trustee cannot object to confirmation on this same basis. In re Andrews, 49 F.3d at 1409.

Turning to the instant matter, this Court is not required to address this question because the Trustee did not object to the confirmation of the Proposed Plan under Section 1325(a)(5) – the only part of Section 1325(a) for which creditor acceptance is relevant. As the Trustee made clear, both before the Bankruptcy Court and in her subsequent brief, she did not object to the Proposed Plan's treatment of the Mortgagee's claims under

13

Section 1325(a)(5). Bankr. Tr. 5:8-16; Trustee's Br. 4. Instead, the Trustee argued that the Proposed Plan should not be confirmed because Austin's failure to obtain a loan modification rendered it unfeasible, noting that because the Proposed Plan expired on September 15, 2013, Austin's unpaid pre-petition arrears and outstanding mortgage principal would not be entitled to discharge under 11 U.S.C. section 1328(a). March 25, 2014 Transcript at 6:6-17. On this basis, this Court concludes that the Trustee had standing to object under Section 1325(a)(6).

**D. Feasibility**

The Trustee objected to the confirmation of the Proposed Plan under Section 1325(a)(6), alleging that the Proposed Plan as filed failed to meet the feasibility requirement necessary for confirmation. Trustee's Br. 4.

The determination of the feasibility of a Chapter 13 plan – a matter to which this Court will shortly turn – is a factual determination of the Bankruptcy Court and thus its conclusion shall not be overturned absent a demonstration of clear error. In re Fantasia, 211 B.R. at 422-23 ("Feasibility is a factual determination and the Bankruptcy Court's decision will not be disturbed absent a firm conviction that clear error has been committed." (citing Fed. R. Bankr. P. 8013)).

In order for the Bankruptcy Court to confirm a Chapter 13 plan, it must satisfy itself that the debtor has met all the

confirmation requirements of Section 1325(a). See 11 U.S.C. § 1325(a)(1); In re Hamilton, 401 B.R. at 542 ("A bankruptcy court must confirm a chapter 13 plan that meets the criteria set forth in [Section] 1325(a)."). Thus, despite having satisfied the confirmation requirement of Section 1325(a)(5), Austin was also required to demonstrate to the Bankruptcy Court that she would be "able to make all payments under the plan and to comply with the plan" - in plain language, that the Proposed Plan was feasible. 11 U.S.C. § 1325(a)(6); see also In re Fantasia, 211 B.R. at 423 ("The debtor carries the initial burden of showing that the plan is feasible." (citing In re Felberman, 196 B.R. 678, 685 (Bankr. S.D.N.Y. 1995); Matter of Endicott, 157 B.R. 255, 263 (W.D. Va. 1993))). To satisfy the feasibility requirement, "a debtor's plan must have a reasonable likelihood of success," and the debtor must be able to demonstrate that she has both the present and future capacity to meet the requirements of the proposed plan. Id.; see also In re Lundahl, 307 B.R. 233, 244-45 (Bankr. D. Utah 2003) (concluding that a proposed Chapter 13 plan was not feasible where the debtor's proposed budget was unrealistically lean, rendering the debtor's future ability to satisfy the terms of the plan unlikely); In re Heck, 355 B.R. 813, 823-25 (Bankr. D. Kan. 2006) (holding that the debtor's plan was not feasible because she did not have sufficient income to make all payments under the plan). In a

15

situation where a debtor's ability to make payments under the proposed Chapter 13 plan is contingent on the refinancing of assets or the selling of properties, a bankruptcy court will deny confirmation where it considers the contingency to be too speculative.  Cf., e.g., In re Gavia, 24 B.R. 216, 218 (Bankr. E.D. Cal. 1982) (denying confirmation of a Chapter 13 plan which proposed the sale of the debtor's home to generate funds to pay creditors), aff'd, 24 B.R. 573 (B.A.P. 9th Cir. 1982).  But see In re Anderson, 28 B.R. 628, 631 (S.D. Ohio 1982) (affirming the bankruptcy court's conclusion that a Chapter 13 "plan's probability of success was high enough to meet the threshold of feasibility imposed by [Section 1325](a)(6)" despite being contingent upon the sale of property).

This Court affirms the Bankruptcy Court's order denying confirmation of Austin's Proposed Plan.  The fact that the loan modification had not been obtained so close to the end of the Proposed Plan's term weighs heavily against a holding that the Proposed Plan is feasible.  This is particularly true given that, as argued before this Court, a failure to obtain the modification before the end of the Proposed Plan means that Austin would either get a discharge without having resolved her mortgage debt or would simply not get a discharge at all, either of which would run afoul of the purpose of Chapter 13.  See March 25, 2014 Transcript at 6:6-17.

Austin has failed to demonstrate that there was a "reasonable likelihood" that the loan modification would have been approved before the Proposed Plan expired. In re Fantasia, 211 B.R. at 423. Simply claiming that the loan modification was likely to have been achieved solely on the basis that she had engaged a specialist attorney to negotiate with the Mortgagee, see Austin's Br. 6, does not adequately reduce the speculative nature of actually obtaining a loan modification before the end of the Proposed Plan's term – "if wishes were horses, beggars would ride." I. Opie & P. Opie, The Oxford Dictionary of Nursery Rhymes (Oxford: Oxford University Press, 1951, 2nd ed., 1997) at 427.

Moreover, in discharging its duties under Section 1325(a) the Bankruptcy Court was required to satisfy itself "that [Austin] ha[d], not only the present ability, but [also] the future ability to comply with the [P]roposed [P]lan." In re Hockaday, 3 B.R. 254, 255 (Bankr. S.D. Cal. 1980). Though Austin, at the time, appeared able to meet the terms of the Proposed Plan,[3] see Reply 4, without a confirmed loan modification her actual future financial obligations are entirely speculative. As Judge Hillman astutely pointed out,

---

[3] Austin claims that she has "completed all of her payments to the trustee, sufficient to pay all allowed claims 100%," Reply 4, however, neither party has placed anything on the record which supports this assertion.

17

confirming the Proposed Plan "was a vain thing," Bankr. Tr. 5:7, because without confirmation of the modification and its terms, the Bankruptcy Court did not have the means to determine whether Austin, if a modification did eventuate, would be able to meet the requirements of that agreement whilst still complying with the terms of the Proposed Plan.  For these reasons, this Court is satisfied that the Bankruptcy Court did not act in clear error, see In re Fantasia, 211 B.R. at 423, and thus affirms the Bankruptcy Court's determination.

### E. Austin's Reliance on In re Mayberry is Misplaced

In making her argument that the Bankruptcy Court must confirm the Proposed Plan, despite the pending nature of the loan modification and the continuing non-objection by the Mortgagee in regards to the plan, Austin relies upon the decision in In re Mayberry, 487 B.R. 44 (Bankr. D. Mass. 2013). That case held that in similar circumstances, the possibility that a loan modification might be denied did not constitute "cause" for dismissal.  Id. at 47.  Though a similar premise, the critical facts of that case make its application inapposite to the present matter.

In Mayberry, the debtor filed a Chapter 13 plan which bears some similarities to the one at bar.  That plan proposed for payments to be made to unsecured creditors via the Chapter 13 trustee, and, like in the instant matter, its proposed treatment

of the secured creditor's claim was contingent on a yet to be attained loan modification. Id. at 45. Again, similar to the facts in this matter, the secured creditor did not object to the proposed treatment, but an objection was filed by the Chapter 13 trustee who sought to dismiss the debtor's case on the ground, inter alia, that a modification had not been obtained, and if one was not achieved, the debtor would face foreclosure. See id. This, the Chapter 13 trustee argued, was "antithetical to the concept of the [d]ebtor's fresh start." Id. The Bankruptcy Court denied the trustee's motion, concluding that "a decision predicated on [the] possibility [that a modification would not be achieved] would be premature." Id. at 46 (emphasis added). Mayberry is distinguishable from this case, however, because its analysis on this point went to the issue of the bad faith of the debtor rather than the objective feasibility of the plan absent approval of the loan modification. See id. at 46-47. Additionally, the court's conclusion in Mayberry cannot be divorced from its factual matrix – unlike the instant matter, the conclusion of the plan was not imminent. Accordingly, the Bankruptcy Court indicated that a motion to dismiss would be more appropriately filed where the parties failed to agree on a loan modification (implying that failure to secure the loan truly does call the feasibility of the plan into question). Id. at 46.

**III. CONCLUSION**

Although Austin has successfully argued that the Mortgagee accepted the Proposed Plan, in order to have the Proposed Plan confirmed, she also needed to demonstrate to the Bankruptcy Court that all other confirmation requirements had been met. Austin failed to do this and thus, for the foregoing reasons, this Court AFFIRMS the Bankruptcy Court's order.

**AFFIRMED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE